IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WILLIAM R. ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CV 05-6075-TC |
| v. ) | |
| ) | OPINION AND ORDER |
| JO ANNE B. BARNHART, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

COFFIN, Magistrate Judge:

### INTRODUCTION

Plaintiff brings this action for judicial review of a final decision of the Commissioner of Social Security denying his application for Social Security Disability benefits and Supplemental Security Income (SSI) under the Social Security Act. For the reasons stated below, the Commissioner's decision is affirmed.

1 - OPINION AND ORDER

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405 (g); Andrews v.Shalala , 53 F.3d 1035, 1039 (9th Cir. 1995) .

"Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). When evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld. Andrews, 53 F.3d at 1039-40. If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).

## BACKGROUND

Plaintiff alleges disability since February of 1999 due to back pain and suicidal thoughts. Born in 1956, plaintiff was 46 years old at the time of the hearing decision. He was considered a younger individual under the regulations. Plaintiff completed a high school education. His past work has been as a grounds keeper, dock worker, and mill worker.

The ALJ's Findings

The ALJ found that plaintiff had the following severe impairments: back strain with pain, depression and marijuana abuse. The ALJ determined that plaintiff had the residual functional

capacity (RFC) to perform the exertional demands of a wide range of light work with no close or frequent interaction with the public. The ALJ found that plaintiff was not able to perform his past relevant work, but that, based on the aforementioned RFC, plaintiff could perform work existing in significant numbers in the national economy. The ALJ specifically noted the positions identified by the vocational expert: electrode/electronics cleaner, light and unskilled; wire worker, light and unskilled, laundry folder, light and unskilled, office helper, light and unskilled; and bindery machine feeder.

.

## DISCUSSION

Plaintiff first argues that the ALJ's finding that plaintiff does not have a severe mental impairment is not supported by substantial evidence in the record. However, as noted above, the ALJ found tht plaintiff had the severe impairment of depression. Based on all the evidence, the ALJ properly analyzed the extent of the severe mental impairment and properly accounted for it in the RFC and job hypotheticals to the vocational expert by precluding work with close or frequent interaction with the public.

In making her findings, the ALJ adequately reviewed and evaluated the evidence within the record. Plaintiff did seek treatment for his mental impairment, but he is not disabled under the law. Plaintiff's suicidal thoughts generally improved over time. Psychologist Bill Hennings, Ph.D, opined that plaintiff was capable of understanding, remembering and carrying out simple or detailed work instructions; and was capable of working in coordination with coworkers, but should not work in areas that required frequent contact with the general public. Dr. Hennings found that plaintiff had depression, not otherwise specified. Tr. 117.

3 - OPINION AND ORDER

Matthew McMaster, PMHNP with Coos County Mental Health, noted he wanted to rule out malingering as "[p]atient is subjectively reporting worsening depressive symptoms; however, review of functional status shows no significant change and that he is functioning quite well. I want to make sure he is on the prescribed dose of Effexor, otherwise will make no changes and see patient back in 5 or 6 weeks." TR. 210.

Plaintiff also had seen clinical psychologist Gail Wahl, Ph.D. for a consultive mental status evaluation. Plaintiff reported to her that he continued to smoke maijuana at night to relax. Dr. Wahl noted that plaintiff had good memory, concentration, and attention and that his intelligence was average. Dr. Wahl concluded that "[t]his individual would appear to be a candidate for retraining in a job where he would be able to use his mind rather than his body. He seems to have picked up computer skills easily from a friend and this may be a potential opportunity for him. I would expect some of his current depression to become alleviated if he found a meaningful way to work and contribute." Tr. 157.

To further support the ALJ's findings regarding plaintiff's mental impairment and its resulting limitations, the ALJ noted that despite plaintiff's testimony that he felt anxious when around too many strangers he was able to take a trip to Belize for four weeks. Moreover, plaintiff's girlfriend testified that plaintiff had never had to leave the grocery store because of anxiety. She also stated that plaintiff had never mentioned anxiety or anxiety attacks.

As far as plaintiff's lifestyle, the ALJ noted that plaintiff had a girlfriend, surfed the Internet, did most of the housework, drove, shopped, cooked simple meals, visited family and friends weekly and went fishing.

A physical or mental impairment must be established by medical evidence consisting of signs, symptoms and laboratory findings, not just by a claimant's statements of symptoms. See 20 C.F.R. §404.1508. Based on all the evidence, the ALJ properly analyzed the extent of the severe mental impairment and properly accounted for it in the RFC and job hypotheticals to the vocational expert by precluding work with close or frequent interaction with the public.

Plaintiff next argues that the ALJ erred by failing to include all of plaintiff's impairments in her hypothetical questions to the vocational expert. However, the additional limitations plaintiff argues should be included within the RFC and the hypothetical questions were subjective complaints that the ALJ properly discredited within her decision. As such, the ALJ is not required to include them. See Bayless v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005). The ALJ found that the allegations by plaintiff and his witness were not entirely credible. This credibility finding is not specifically disputed by the plaintiff and is upheld for that reason and because the credibility finding appears proper.

This court weighed all the evidence, whether it supported or detracted from the Commissioner's decision. All things considered, there was no material omission of evidence in the ALJ's analysis. The Commissioner met her burden of identifying jobs existing in significant numbers in the national economy that the claimant can perform given his RFC, age, education and work experience. The Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. As such, the Commissioner's decision is affirmed.

5 - OPINION AND ORDER

## ORDER

The decision of the Commissioner is affirmed and this case is dismissed.

IT IS SO ORDERED.

DATED this __7t__ day of September, 2006.

                                      Thomas M. Coffin

                                      United States Magistrate Judge